Hulen Ervin STRUNCK, Appellant,

v.

Carol Ann PEOPLES, Appellee.

No. 5944.

Court of Civil Appeals of Texas, Waco.

Jan. 18, 1979.

Rehearing Denied Feb. 8, 1979.

Ricky Sims, Teague, for appellant.

L. L. Geren, Bradley & Geren, Groesbeck, for appellee.

## OPINION

JAMES, Justice.

This appeal is from an order of the trial court construing and clarifying that portion of a divorce judgment pertaining to the summer visitation for the Appellant-father concerning the child born to the former marriage of the Appellant-father and Appellee-mother.

On July 27, 1977 a Domestic Relations Court of Dallas County, Texas, entered an agreed judgment of divorce between Carol Ann Strunck (now Peoples) and Hulen Ervin Strunck. The parties had one minor child born to their marriage, to wit, Michelle Ann Strunck, a girl born March 16, 1973. The judgment appointed Mrs. Strunck managing conservator of said child and Mr. Strunck the possessory conservator thereof, and made detailed provisions concerning when and under what circumstances the visitation rights would be exercised.

After the divorce was granted, Mrs. Strunck married a man by the name of Peoples and moved to Limestone County, Texas. Thereafter, Mrs. Peoples filed a motion to transfer continuing jurisdiction of this cause to the 77th District Court of Limestone County (hereinafter called the Limestone Court), whereupon the Dallas Court on March 23, 1978, granted said motion and entered its order transferring said cause to said Limestone Court. Shortly after such transfer, the cause was docketed in the Limestone Court, and at all times material to the present controversy, said court has been the court of continuing jurisdiction under the provisions of Section 11.05 of the Family Code, Vernon's Texas Civil Statutes. Section 11.05(a) reads as follows:

"Except as provided in Subsections (b), (c), and (d) of this section [none of which is applicable to the case at bar], when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all matters provided for under this subtitle in connection with the child, and no other court has jurisdiction of a suit affecting the parent-child relationship with regard to that child except on transfer as provided in Section 11.06 of this code."

Section 11.01(4) provides:

" 'Parent-child relationship' means the rights, privileges, duties, and powers existing between a parent and child as provided by Section 12.04 of this code."

On May 10, 1978, the Appellee-mother Mrs. Peoples filed in the Limestone Court a pleading labelled, "Motion for Contempt and Motion for Interpretation of Order", in which she sought to have the Appellant-father Mr. Strunck held in contempt of court for alleged arrearages in child support payments, and in which pleading she further requested the court to interpret and clarify a certain portion of the divorce decree concerning the summer visitation rights of the father. She alleged that Mr. Strunck on May 2, 1978, had given her notice in writing of his intention to exercise visitation rights for the summer of 1978 which was in conflict with her interpretation of the divorce judgment, and that there was a dispute between the parties which would require a clarification by the court for the best interest and welfare of the child.

The crux of the dispute was this: Aside from specific holidays and occasions, the divorce judgment provided that Mr. Strunck was allowed on a regular monthly basis, possession of the child once each month from the first Friday thereof until the second Sunday thereafter, same being a regular monthly visitation of some nine days.

Then in another place the divorce decree provided:

"That until Michelle Ann Strunck begins the first grade in school, Respondent Hulen Ervin Strunck shall have possession of Michelle Ann Strunck one (1) week during the summer months of June, July, and August, provided he give Petitioner Carol Ann Strunck thirty (30) days notice of the time he intends to begin said visitation."

Mr. Strunck took the position that the paragraph last quoted gave him one week extra during each of the summer months over and above the regular nine day visitation period, whereas Mrs. Peoples took the position that during the summer months Mr. Strunck merely had the option to take his regular monthly nine day visitation at a time other than beginning on the first Friday of each such summer month.

Hearing was had before the trial court upon both the contempt motion as well as the motion to interpret, at which both parties appeared in person and by counsel. It is undisputed that both parties consented that the trial court hear the "Motion to Interpret" and clarify the disputed visitation provisions of the divorce judgment.

The trial court on June 1, 1978, entered its order interpreting the divorce judgment, in effect clarifying the disputed visitation provisions in favor of Appellee Mrs. Peoples, from which the Appellant Mr. Strunck appeals.

Appellant's two points of error assert that the trial court (1) had no jurisdiction to enter the order in question, and (2) erred in ruling as he did in his interpretation of the divorce decree. We overrule these contentions and affirm the trial court's judgment.

■ By Appellant's first point he contends in effect that the order in question is in truth and in fact a declaratory judgment under the provisions of Article 2524–1, V.T. C.S., commonly called the Uniform Declaratory Judgments Act; that said Act makes no provision empowering a court to interpret a judgment, and therefore the trial court in the case at bar had no jurisdiction to interpret the divorce decree. We do not agree.

The order in question is not governed by the Uniform Declaratory Judgments Act, but instead is a matter affecting the parent-child relationship under the Family Code. Therefore, the Limestone Court, being the trial court herein, had continuing jurisdiction of the subject matter of the case at bar.

Here, it is undisputed that the Appellant consented that the trial court interpret the disputed provisions of the divorce judgment. Having so invoked the jurisdiction of the court (the court having jurisdiction over the subject matter) Appellant cannot now be heard to question that jurisdiction. It is a part of the public policy enforced by

the courts of Texas that where a party invokes the exercise of a jurisdiction within the court's general powers, he will not thereafter be heard to complain that the court was without jurisdiction to render the order or judgment rendered. In *Spence v. State Nat. Bank of El Paso* (Comm.App. 1928) 5 S.W.2d 754 the court said:

"But this irregularity, even though it be jurisdictional, will not avail plaintiffs in error. The plaintiffs in error having invoked the jurisdiction of the court to appoint a receiver of their property (the court having jurisdiction over the subject-matter), they will not thereafter be permitted to question the validity of such appointment for the want of jurisdiction. [Citing authorities.] * * * To permit one to invoke the exercise of a jurisdiction within the general powers of a court and then to reverse its orders upon the ground that it had no jurisdiction would be to allow one to trifle with the courts. The principle is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant."

For other applications of the above rule, see *Short v. Short* (1962), 163 Tex. 287, 354 S.W.2d 933, 935; *Knollhoff v. Norris* (Tex. 1953) 152 Tex. 231, 256 S.W.2d 79, 82; *Moore v. Moore* (Tex.Civ.App. Dallas CA 1968) 430 S.W.2d 247, 250, NRE; *Anderson v. Martin* (Tex.Civ.App. Amarillo CA 1953) 257 S.W.2d 347, 352, NRE.

In the case at bar, the Appellant cannot now be heard to complain of lack of jurisdiction on the part of the trial court, in the light of the above-stated well-settled rule of law.

■ Appellant further attacks the propriety of the trial court's interpretation of the divorce decree. We overrule this contention. The trial court's construction in our opinion is a reasonable and correct interpretation and clarification of the divorce judgment. To follow the Appellant's con-

struction would not only put a strained construction upon the language of the divorce judgment, but would in effect provide for a divided custody of the child during the summer months.

For the foregoing reasons, judgment of the trial court is affirmed.

AFFIRMED.