CITY OF SAN ANTONIO; Tim Bann-wolf, Individually and as Chairman of the Annexation Committee of the City Council of San Antonio; Mario M. Salas, Individually and as a Member of the City Council of San Antonio; and Emil R. Moncivais, Director of the Department of Planning of the City of San Antonio, Appellants,

v.

R. Brooks HARDEE, Trustee of the Farmco Trust; Davenport, L.L.C., General Partner of VWC, Ltd.; and Clifford E. Morton, Appellees.

No. 04–01–00231–CV.

Court of Appeals of Texas, San Antonio.

Dec. 5, 2001.

Patrick C. Bernal, Susan C. Rocha, Denton, Navarro & Bernal, P.C., San Antonio, for Appellant.

David L. Earl, Earl & Brown, P.C., William W. Sommers, Kevin M. Warburton, Gardner Law Firm, San Antonio, for Appellee.

Sitting: TOM RICKHOFF, Justice CATHERINE STONE, Justice PAUL W. GREEN, Justice.

## OPINION

PAUL W. GREEN, Justice.

Appellees, R. Brooks Hardee, Trustee of the Farmco Trust (Farmco Trust); Davenport, L.L.C., General Partner of VWC, Ltd. (VWC); and Clifford E. Morton (Morton), are landowners who challenge the City of San Antonio's annexation of two tracts of land. Appellants City of San Antonio; Tim Bannwolf, Individually and as Chairman of the Annexation Committee of the City Council of San Antonio; Mario M. Salas, Individually and as a Member of the City Council of San Antonio; and Emil R. Moncivais, Director of the Department of Planning of the City of San Antonio (collectively "the City"), filed a plea to the jurisdiction, asserting appellees lacked individual standing to bring their claims. The trial court denied the plea, and the City filed this interlocutory appeal pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2001). We af-

firm the trial court's order in part and reverse in part.

## Background

Appellees Farmco Trust and Morton own tracts of land in east Bexar County (the Foster Road Property) within a larger area designated by the City, for annexation purposes, as the Foster Meadows Area. Appellee VWC owns a tract of land in west Bexar County (the Potranco Road Property) included within a larger area designated by the City as the Potranco Road/FM 1604 Area. Both designated areas were annexed effective December 31, 2000.

Appellees filed suit before the effective annexation date claiming the City failed to comply with various statutory provisions. The City argues any improprieties in the annexation process are merely procedural irregularities, which may make the annexation voidable, but not void. Further, in its plea to the jurisdiction, the City claims the appellees have no individual standing to overturn the annexation because any challenges to the validity of an annexation proceeding must be brought as a *quo warranto* proceeding. *See* TEX. CIV. PRAC. & REM.CODE §§ 66.001, 66.002 (Vernon 1997). Appellees counter they have standing to pursue an individual, collateral attack on the annexation because the City acted wholly outside its authority, rendering the attempted annexation void. The trial court denied the plea to the jurisdiction without stating its reasons.[1]

Appellees argue the trial court's decision was correct because: (1) the City acted outside its authority by failing to adopt a required annexation plan under TEX. LOC. GOV'T CODE ANN. § 43.052; (2) the City

---

1. Following entry of the order denying the plea to the jurisdiction, the trial court entered findings of fact and conclusions of law that the appellees lack standing to challenge the annexation based on the City's alleged failure to comply with the Voting Rights Act. Appellees do not challenge this holding on appeal.

acted outside its authority because it attempted to annex areas by resolution rather than by ordinance as required by the City Charter; and (3) the annexation of the Foster Road Area is void because it was undertaken in violation of the Texas Open Meetings Act.[2] Appellees also argue the City is estopped to challenge standing because the City entered into an agreed temporary order pending the outcome of the lawsuit.[3]

## Standard of Review

■ In reviewing the denial of the City's plea to the jurisdiction, we take the factual allegations in the appellees' trial court petition as true and construe them in favor of the appellees. *City of San Augustine v. Parrish*, 10 S.W.3d 734, 737 (Tex. App.—Tyler 1999, pet. dism'd w.o.j.) (citing *Tex. Ass'n·of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993)). If the City challenges the validity of the appellees' factual allegations, the City must plead and prove the allegations were fraudulently made to confer jurisdiction. *Denton County v. Howard*, 22 S.W.3d 113, 117 (Tex.App.—Fort Worth 2000, no pet.). In this case, we are concerned only with the issue of appellees' standing to bring their claims, and we may not consider the merits of the underlying issues. *See Montgomery County v. Fuqua*, 22 S.W.3d 662, 665 (Tex.App.—Beaumont 2000, pet. denied); *Tex. Dep't of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 730 (Tex. App.—Austin 1999, no pet.).

■ Historically, review of an individual party's standing to challenge annexation inquires whether the challenge attacks the city's authority to annex the area in question or simply complains of some violation of statutory procedure. *See City of Wichita Falls v. Pearce*, 33 S.W.3d 415, 417 (Tex.App.—Fort Worth 2000, no pet.). "[D]istinction should be drawn between municipal acts unauthorized by law or color of law, and those consisting of a mere irregular exercise of power." *Forbes v. City of Houston*, 304 S.W.2d 542, 546 (Tex. Civ.App.—Galveston 1957, writ ref'd n.r.e.). Individual landowners have been allowed to bring private causes of action challenging (1) annexation of territory exceeding the statutory municipal size limits; (2) attempts to annex areas included in the extraterritorial jurisdiction of another city; (3) attempts to annex areas not contiguous with current city limits; and (4) annexation of an area with a boundary description that does not close. *Pearce*, 33 S.W.3d at 417 (citing *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 438 (Tex. 1991)). A *quo warranto* suit is the proper way to challenge procedural faults such as lack of notice, adequacy of the service plan, lack of quorum for hearing, and other deficiencies in the procedure of adopting the annexation ordinance. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 658 (Tex.1995); *Pearce*, 33 S.W.3d at 417; *Forbes*, 304 S.W.2d at 546.

## Discussion

### A. Tex. Loc. Gov't Code § 43.052

■ "The Texas Constitution confers the power to annex territory on cities and

**2.** In the trial court, appellees also argued: (1) the City failed to give proper notice to public schools and landowners; (2) there were numerous inadequacies and failures of notice regarding the inventory of proposed services and facilities for the annexed areas; and (3) the City failed to obtain preclearance of the annexation from the Justice Department. Appellees do not contend on appeal that they have standing to bring these procedural types of claims.

**3.** The City did not brief a response to the estoppel issue.

the legislature has provided the scheme to be followed." *Alexander Oil Co.*, 825 S.W.2d at 439 (citing TEX. CONST. art XI, § 5). A city may "annex area only in its extraterritorial jurisdiction unless [it] owns the area." TEX. LOC. GOV'T CODE ANN. § 43.051 (Vernon 1999). There are few other limitations on the authority or power of a city to annex areas. *See Alexander Oil Co.*, 825 S.W.2d at 438 (listing appropriate challenges to a city's power to annex); *see also* TEX. LOC. GOV'T CODE ANN. § 43.021 (Vernon 1999) (specifying the total size limit of a city area according to classification of the municipality); TEX. LOC. GOV'T CODE ANN. § 43.054 (Vernon 1999) (prohibiting strip annexation); TEX. LOC. GOV'T CODE ANN. § 43.055 (Vernon 1999) (limiting the amount of territory which may be annexed in one year). Procedural irregularities in the exercise of the city's annexation power may render the annexation voidable but do not convert the action to one outside the city's exercise of valid authority. *Alexander Oil Co.*, 825 S.W.2d at 438.

■ In 1999, the Legislature adopted a new version of Texas Local Government Code section 43.052, entitled Municipal Annexation Plan Required, which reads in part as follows:

(b) A municipality may annex an area identified in the annexation plan only as provided by this section.

(c) A municipality shall prepare an annexation plan that specifically identifies annexation that may occur beginning on the third anniversary of the date the annexation plan is adopted. The municipality may amend the plan to specifically identify annexations that may occur be-

ginning on the third anniversary of the date the plan is amended.

TEX. LOC. GOV'T CODE ANN. § 43.052(b)-(c) (Vernon Supp.2001). Section 17 of the enabling legislation states:

(b) Each municipality shall adopt an annexation plan as required by Section 43.052, Local Government Code, as amended by this Act, on or before December 31, 1999, that becomes effective December 31, 1999.

(c) Except as provided in Subsections (d) and (g) of this section,[4] the changes in law made by Sections 2 through 8 and 10 through 15 of this Act apply only to an annexation included in a municipality's annexation plan prepared under Section 43.052, Local Government Code, as amended by this Act. Except as provided by Subsection (d) of this section, *a municipality may continue to annex any area during the period beginning December 31, 1999, and ending December 31, 2002, under Chapter 43, Local Government Code, as it existed immediately before September 1, 1999, if the area is not included in the annexation plan,* and the former law is continued in effect for that purpose.

Acts of May 30,1999, 76th Leg., R.S., ch. 1167, § 17(b)-(c), 1999 Tex. Gen. Laws 4090. (emphasis added).

Appellees argue that because the City did not adopt an annexation plan prior to December 31, 1999, the City may not continue to annex non-plan areas during the period of 12/31/99 through 12/31/02 under Section 17, Subsection (c) of the enabling legislation. Appellees contend Section 17 is a limitation on the City's authority and, consequently, failure to adopt a plan by

---

4. Subsection (d) of section 17 outlines certain new procedural requirements that apply to annexations outside the annexation plan, where the first public hearing on the annexation is conducted on or after September 1,

1999. Subsection (g) makes TEX. LOC. GOV'T CODE ANN. § 43.0712 (regarding annexation of special districts) applicable to all annexations, regardless of date.

December 31, 1999 makes the attempted annexation void.

■ Notice and hearing requirements are procedural limits on annexation not affecting the municipality's authority to make the annexation. *Laidlaw Waste Sys.*, 904 S.W.2d at 658; *Alexander Oil Co.*, 825 S.W.2d at 438. Section 43.052(b)-(c) of the Texas Local Government Code is a 1999 amendment to the prior notice and hearing requirements in the annexation law.[5] The new section 43.052 does not limit the area or type of land a city may annex; rather, it prescribes a three year planning process, presumably to give the public better notice of proposed city growth and services. Therefore, it appears TEX. LOC. GOV'T CODE ANN. § 43.052(b)-(c) is a procedural requirement for annexation rather than a limit on the City's authority to annex.

Appellees do not claim the property is outside the City's authority to annex, only that the City did not follow the procedures set out in the new section 43.052(b)-(c). If the City's attempted annexation is in violation of the statutory requirements, the annexation may be voidable and subject to being set aside by the court, but it is not void. Accordingly, appellees have no standing to challenge the annexation under TEX. LOC. GOV'T CODE ANN. § 43 .052 but must seek a *quo warranto* action.

### B. Violation of City Charter

■ In their next issue, appellees claim they have standing to challenge the annexations because the actions were carried out by resolution rather than ordinance in vio-

lation of the City Charter. However, appellees' brief states: "The challenged annexations were effected by two separate ordinances: one annexed an area in southeast Bexar County in which Plaintiffs Hardee and Morton owned property, and the other annexed an area in west Bexar County in which Plaintiff VWC owns land."

■ We may accept admissions made in the briefs as true. *Jansen v. Fitzpatrick*, 14 S.W.3d 426, 431 (Tex.App.— Houston [14th Dist.] 2000, no pet.). Therefore, appellees' complaint the City acted in violation of the City Charter by annexing property without an ordinance is moot.[6]

### C. Texas Open Meetings Act

■ Appellees Farmco Trust and Morton claim standing to sue under the Texas Open Meetings Act because they say the annexation of the Foster Road Area was accomplished by written memorandum rather than an authorized action of the City Council meeting in conformity with the Act. The Texas Open Meetings Act allows "an interested person"[7] to "bring an action by mandamus or injunction to stop, prevent, or reverse a violation or threatened violation of [the Open Meetings Act] by members of a governmental body." TEX. GOV'T CODE ANN. 551.142(a) (Vernon 1994). Actions by a City must comply with the Open Meetings Act or they are voidable. TEX. GOV'T CODE ANN. § 551.141 (Vernon 1994).

The City argues that because a violation of the Open Meetings Act merely renders

---

**5.** The prior section 43.052 notice and hearing requirement still exists in an amended form but it moved to a different section number. TEX. LOC. GOV'T CODE ANN. § 43.0561 (Vernon Supp.2001) (former § 43.052 (Vernon 1997)).

**6.** In the alternative, if appellees' complaint is that the ordinances were untimely or are ineffective because the City did not adopt an

annexation plan, those deficiencies are procedural defects under the Local Government Code as previously discussed.

**7.** There is no assertion that Farmco Trust and Morton do not qualify as "interested persons."

the annexation voidable, the alleged defect does not implicate the City's authority and is therefore only a procedural defect that must be challenged by *quo warranto* proceeding. The City does not attempt to reconcile the standing provision of the Open Meetings Act with the longstanding caselaw prohibiting individual challenges to annexation.[8]

■ We presume statutes are "enacted by the legislature with full knowledge of the existing condition of the law and with reference to it." *Williams v. Williams*, 19 S.W.3d 544, 548 (Tex.App.—Fort Worth 2000, pet. denied) (citing *McBride v. Clayton*, 140 Tex. 71, 76–77, 166 S.W.2d 125, 128 (1942)). In this case, the standing provision of the Texas Open Meetings Act[9] conflicts with prior common law limiting individual remedies for improper annexation. *See Alexander Oil*, 825 S.W.2d at 436–37 (citing cases from as early as 1886). If the legislature wanted to exempt annexation challenges from the mandamus and injunction remedies provided for violations of the Open Meetings Act, it could have done so. It did not.

■ Additionally, there are public policy reasons for holding that an annexation action taken by a city should be subject to challenge for violation of the Open Meetings Act. The Open Meetings Act is designed to allow the public notice "concerning the transactions of public business." *Toyah Indep. Sch. Dist. v. Pecos Barstow Indep. Sch. Dist.*, 466 S.W.2d 377, 380 (Tex.Civ.App.—San Antonio 1971, no writ). This Court has held the Open Meetings

Act to be a remedial statute which should be liberally construed to effect its purpose. *Id.* Annexation is unquestionably public business affecting large numbers of taxpayers and landholders. Under the Open Meetings Act, a single challenge to the City's alleged violation would invalidate the annexation in its entirety. This eliminates one of the primary arguments for a limitation of individual actions, that is, the concern that a suit would be effective only as to the parties that brought the action, potentially leading to a plethora of successive suits by individual landowners and risking conflicting results. *See Alexander Oil*, 825 S.W.2d at 437.

Thus we hold appellees Farmco Trust and Morton have standing to challenge the annexation of the Foster Road Area under the Open Meetings Act. We do not reach the merits of that claim in this interlocutory appeal.

### D. Estoppel

■ Estoppel is an equitable doctrine which prevents a party from challenging the trial court's jurisdiction because the party's prior conduct is inconsistent with their claim of lack of jurisdiction. *Strunck v. Peoples*, 576 S.W.2d 487, 490 (Tex.Civ.App.—Waco 1979, no writ). Estoppel does not confer jurisdiction upon the court but acts as a bar to the party's challenge of jurisdiction. *See Jansen*, 14 S.W.3d at 431 (defendant estopped to challenge standing where defendant's brief admitted plaintiffs pled facts which would give them standing as successors in in-

---

8. We have not found nor have the parties cited any cases interpreting the standing provision of the Open Meetings Act in the context of an annexation challenge. *See, e.g., Laidlaw Waste Sys.*, 904 S.W.2d at 660 (assuming without deciding challenging party had standing); *Alexander Oil*, 825 S.W.2d at 437 n. 2 (holding individual standing issue waived).

9. The standing provision was adopted along with the initial version of the Act in 1967. *See City of Abilene v. Shackelford*, 572 S.W.2d 742, 746–47 (Tex.Civ.App.—Eastland 1978) (interpreting use of term "interested person" in former Section 3 of Article 6252–17, which became effective May 23, 1967, *rev'd on other grounds*, 585 S.W.2d 665 (Tex.1979)).

terest to the residuary beneficiaries); *Strunck,* 576 S.W.2d at 489–90 (defendant estopped to challenge jurisdiction of trial court to interpret divorce decree where defendant consented to the court hearing the motion to clarify).

■ Appellees claim the City is estopped from challenging standing because the City acknowledged appellees' standing to file suit when the parties entered an agreed temporary order allowing appellees to continue their prior use of the annexed property pending the outcome of the lawsuit. In fact, the appellees sought the temporary injunction and the City merely agreed to join the appellees in their request. The order outlines the parties' understanding of the permitted uses of the land pending the outcome of the suit.[10] Nothing in the order or the record suggests the City agreed appellees pled facts sufficient to confer jurisdiction. The order recites that the parties wished to avoid a temporary injunction hearing, and by its own terms, the agreed order terminates at the end of the litigation. Because the order merely reflects the City's agreement to maintain the status quo during the litigation, the joint request for an agreed order does not estop the City from challenging the appellees' standing to bring suit as individuals.

## Conclusion

Because we hold the appellees lack standing to challenge annexation based on procedural violations of TEX. LOC. GOV.CODE ANN. § 43.052, the City Charter, and the City Code, we affirm only that part of the trial court's order denying the plea to the jurisdiction based on R. Brooks Hardee,

Trustee of the Farmco Trust, and Clifford E. Morton's claims under the Texas Open Meetings Act and remand for further proceedings on the merits of the those allegations. We reverse the remainder of the trial court's order.

---

10. It is clear from the discussions at the hearing on the plea to the jurisdiction and the language of the agreed order that the City believed all or part of appellees' current use of the land would be preserved (at least for a time) even if the annexation was valid. *See* TEX. LOC. GOV'T CODE ANN. § 43.002 (Vernon Supp.2001). Section 43.002 allows certain land uses to continue even after annexation.