In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00747-CV
____________

RALPH O. DOUGLAS, Appellant

V.

LINDA C. PORTER, Appellee




On Appeal from the 129th District Court 
Harris County, Texas
Trial Court Cause No. 9914383 




O P I N I O N
          Appellant, Ralph O. Douglas, appeals a final judgment rendered in favor of
appellee, Linda C. Porter. We address (1) whether Douglas was given adequate
notice of two separate hearings and (2) whether the trial court erred by rendering a
final judgment in violation of the due course of law provisions of article I, section 19
of the Texas Constitution. We affirm. 
Facts
          On March 22, 1999, Porter sued Douglas for allegedly clouding title to a house
Porter owned by forging a warranty deed and filing it in the real property records. 
Sometime after the suit was filed, Douglas was incarcerated. Porter served Douglas
with her discovery requests by hand-delivery on January 2, 2001, as noted by her
certificate of service. Douglas disputes that he was served discovery on January 2,
2001.  
          On February 19, 2001, Porter filed a motion requesting sanctions for Douglas’s
failure to respond to her discovery requests and an order compelling production of
documents or, alternatively, requesting that the trial court strike Douglas’s pleadings
and enter judgment (“motion for sanctions”). On the same day, Porter sent Douglas
a copy of the motion for sanctions by certified mail. Attached to Porter’s motion for
sanctions were her discovery requests. 
          On April 9, 2001, Porter sent Douglas notice that her motion for sanctions
would be heard on April 23, 2001. On April 23, 2001, the trial court heard Porter’s
motion for sanctions. Douglas did not (1) appear at the hearing, (2) send counsel to
represent him, or (3) request a phone conference or bench warrant. At the hearing,
the trial court signed an order requiring Douglas to answer discovery within 10 days
or be subject to death-penalty sanctions. The record does not show whether Douglas
received a copy of this order. On June 25, 2001, Porter sent Douglas notice of a
hearing scheduled for July 2, 2001 on Douglas’s failure to comply with the trial
court’s order on Porter’s motion for sanctions. At the July 2, 2001 hearing, the trial
court entered judgment for Porter, cancelling the forged warranty deed from Porter
to Douglas and awarding Porter special damages in the amount of $50,000, attorney’s
fees in the amount of $5,000, and post-judgment interest. Douglas timely filed a
notice of appeal. Notice of Hearings
          In his first point of error, Douglas contends that he did not receive adequate
notice of the hearings dated April 23, 2001 and July 2, 2001. Douglas argues that (1)
the trial court erred by failing to send him notice, on its own, of these two hearings
and (2) the notice he received from Porter was not timely. Douglas claims that,
because he was not given adequate notice of either of the hearings, he was deprived
of his right to be present at the hearings and to voice his objections to Porter’s motion
for sanctions and to the trial court’s entry of judgment.
          In regard to Douglas’s complaint that the trial court erred by failing to send him
notice, on its own, of the two hearings, nothing in the Texas Rules of Civil Procedure
requires a trial court to send notice of a hearing on a party’s motion to the other party. 
See Tex. R. Civ. P. 21a (governing service of notice upon parties). 
          As for Douglas’s complaint that the notice he received from Porter was not
timely, Texas Rule of Procedure 21 provides that three days’ notice of a hearing is
sufficient. See Tex. R. Civ. P. 21. Douglas admits in his brief that (1) on April 9,
2001, he received notice of the April 23 hearing (14 days’ notice) and (2) on June 25,
2001, he received notice of the July 2 hearing (one week’s notice). See City of San
Antonio v. Hardee, 70 S.W.3d 207, 212 (Tex. App.—San Antonio 2001, no pet.)
(stating appellate court may accept admissions made in parties’ briefs as true). 
Therefore, Douglas received adequate notice of both of these hearings.


 See Tex. R.
Civ. P. 21. 
          We overrule Douglas’s first point of error.
 
Due Course of Law Provision of the Texas Constitution

          In his second point of error, Douglas contends the trial court erred by rendering
a final judgment against him in violation of section 19 of article I of the Texas
Constitution. See Tex. Const. art. I, § 19. Douglas complains that the trial court
denied him “due process,” which we construe as due course of law, by rendering a
final judgment against him after he was given inadequate notice because (1) the trial
court did not send him notice of the two hearings on its own and (2) the notice he
received from Porter was not timely.


 
          Due course of law, as used in section 19, has traditionally been viewed as co-extensive with the United States Constitution’s due process of law guarantee. 
Armstrong v. Randle, 881 S.W.2d 53, 56 (Tex. App.—Texarkana 1994, writ denied). 
The due course of law provision found in article I, section 13 states: “No citizen of
this State shall be deprived of life, liberty, property, privileges or immunities, or in
any manner disfranchised, except by the due course of the law of the land.” Tex. 
Const. art. I, § 19. 
          To trigger protection of the due course of law clause, Douglas must show that
the procedural rule relating to service of notice upon parties, as applied, is
unconstitutional. See In the Matter of M.A.H., 20 S.W.3d 860, 864 (Tex. App.—Fort
Worth 2000, no pet.). Douglas complains that the trial court violated the due course
of law provision because (1) the trial court did not send him notice of the hearings
when the rules of procedure allegedly provided for court notice and (2) the trial court
held the hearings on Porter’s motions even though that the notice Douglas received
from Porter was not timely allegedly because the rules of procedure required more
notice than the notice that Douglas received. Because we have already determined
the Texas Rules of Civil Procedure require neither that the trial court must give notice
of a hearing on a party’s motion nor that a party must give more than three days’
notice under these circumstances, we hold the trial court the did not violate the due
course of law clause. 
          We overrule Douglas’s second point of error.
 
 
 
 
 
Conclusion
We affirm the judgment of the trial court.




     Tim Taft
     Justice

Panel consists of Justices Taft, Alcala, and Price.




Do not publish. Tex. R. App. P. 47.4.