

# NUMBER 13-08-00105-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RYAN SERVICES, INCORPORATED
AND TIMOTHY RYAN,                                              **Appellants,**

**v.**

PHILLIP SPENRATH, ED ERWIN,
KENNY MARTIN, ROBERT BOONE,
ANTHONY COLLINS, GLORIA HARRIS,
CINDY CERNY, AND THE CITY OF
EL CAMPO, TEXAS,                                              **Appellees.**

## On appeal from the 329th District Court of Wharton, County, Texas.

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Vela**
**Memorandum Opinion by Justice Yañez**

Through a verified petition, application for temporary restraining order, and petition

for writ of mandamus filed in the trial court, appellants, Ryan Services, Inc. and Timothy Ryan, sought to compel the City of El Campo to either revoke three annexation ordinances or submit them to a city-wide vote. The trial court granted a plea to the jurisdiction filed by appellees, Phillip Spenrath, Ed Erwin, Kenny Martin, Robert Boone, Anthony Collins, Gloria Harris, Cindy Cerny, and the City of El Campo, Texas, and this appeal ensued. This Court has previously considered and denied a petition for writ of mandamus concerning this case. *See In re Ryan*, No. 13-08-179-CV, 2008 Tex. App. LEXIS 2956, at *9 (Tex. App.–Corpus Christi Apr. 18, 2008, orig. proceeding [mand. denied]) (mem. op.).[1]

We affirm the order of the trial court granting the plea to the jurisdiction.

## I. Background

The City of El Campo, acting through its City Council, issued four annexation ordinances on December 11, 2007. On January 10, 2008, pursuant to section 7.03 of the El Campo City Charter, citizens of the City filed three petitions asking the City Council to reconsider three of the annexation ordinances and, if the City Council chose not to repeal them, to submit the ordinances to a popular referendum vote. Section 7.03 of the City Charter, entitled "Referendum," provides that:

---

[1] According to the petition for writ of mandamus, the City of El Campo was holding an election on May 10, 2008, to, inter alia, fill three at-large seats on its City Council. The candidates for that election included Ryan, appellees Phillip Spenrath and Kenneth Martin, who currently serve on the City Council, and non-parties Jimmy Roppolo, Otha Edison, Henry Dornak, Jr., and Richard Young. Pursuant to the City Charter, only residents of the City may run for a City Council seat, only City residents may vote in that election, and the three candidates who received the most votes in the election would be elected to the City Council. Relator, Ryan, contended that the annexation ordinances were effectively suspended because the City Council failed to repeal them or submit them to popular vote, but nevertheless, a candidate who resided in the annexed area, Jimmy Roppolo, remained on the ballot as a candidate for City Council in the May 10, 2008 election, and voters from the annexed area would be able to vote in that election. Relator asked this Court to compel respondents to follow the provisions in section 7.03 of the City Charter before the May 10, 2008, election. This Court denied the petition.

2

> Qualified voters of the City of El Campo may require that any ordinance or resolution passed by the City Council be submitted to the voters of the city for approval or disapproval, by submitting a petition for this purpose within thirty (30) days after final passage of said ordinance or resolution, or within thirty (30) days after its publication . . . . Thereupon the City Council shall immediately reconsider such ordinance or resolution and; if it does not entirely repeal the same, shall submit it to popular vote as provided in section 6.07 of this Charter. Pending the holding of such election, such ordinance or resolution shall be suspended from taking effect and shall not later take effect unless a majority of the qualified voters voting thereon at such election shall vote in favor thereof.

Taking the position that annexation ordinances were not subject to the referendum provision of the City Charter, the City Council took no action on the three petitions.

Ryan and Ryan Services, Inc., brought suit against the City and City Council in the 329th Judicial District Court of Wharton County, Texas, seeking declaratory, injunctive, and mandamus relief. They alleged that the El Campo City Charter is valid under Texas law, the petitions regarding the ordinances complied with the City Charter, and the annexation ordinances were suspended in accordance with the Charter. In short, Ryan and Ryan Services, Inc. alleged that the referendum provision in the Charter required the City to either repeal the ordinances or call a popular election on their validity, and the ordinances were not effective unless approved by a majority of the qualified voters at an election.

The City and Council members answered this suit and filed a plea to the jurisdiction on grounds that Ryan and Ryan Services, Inc. did not have standing to bring suit and the trial court, accordingly, lacked jurisdiction. The City and Council alleged that individual property owners cannot challenge irregularities in a municipality's annexation; rather, such challenges may be brought only through a quo warranto proceeding. The trial court granted the plea and dismissed Ryan and Ryan Services, Inc.'s claims without prejudice. This appeal ensued.

3

Through three issues, appellants contend that: (1) the trial court erred in granting the plea to the jurisdiction regarding their request for injunctive and mandamus relief challenging the annexation petitions as void; (2) the trial court erred in granting the plea to the jurisdiction regarding their request for a declaration concerning the City Charter when that request did not directly challenge the annexation ordinances; and (3) the trial court erred in dismissing the case in its entirety instead of offering appellants the opportunity to replead because there was no incurable jurisdictional defect.

## II. Quo Warranto Doctrine

"Quo warranto proceedings are used by the State to protect itself and the good of the public through agents of the State who control the proceedings." *City of Rockwall v. Hughes*, 246 S.W.3d 621, 627 (Tex. 2008). The State is the proper party to bring a quo warranto action. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 66.002 (Vernon 1997); *see City of Rockwall*, 246 S.W.3d at 627; *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 437 (Tex. 1991). By requiring the State to bring such a proceeding, "the judgment settles the validity of the annexation on behalf of all property holders in the affected area." *Alexander Oil Co.*, 825 S.W.2d at 437; *Town of Fairview v. Lawler*, 252 S.W.3d 853, 856 (Tex. App.–Dallas 2008, no pet.). The Texas Supreme Court explained the rationale for quo warranto proceedings as follows:

> The only proper method for attacking the validity of a city's annexation of territory is by quo warranto proceeding, unless the annexation is wholly void. The purpose of a quo warranto proceeding is to question the right of a person or corporation, including a municipality, to exercise a public franchise or office. In this case, Alexander questions the City's annexation authority. Through quo warranto proceedings, "the State acts to protect itself and the good of the public generally, through the duly chosen agents of the State who have full control of the proceeding." Therefore, the State must bring the

4

action to question irregular use of the delegated annexation authority.

Furthermore, quo warranto proceedings serve another purpose. By requiring that the State bring such a proceeding, we avoid the specter of numerous successive suits by private parties attacking the validity of annexations. The judgments of suits brought by private parties are binding only on the parties thereto so conflicting results might be reached in subsequent suits by other individuals. These problems are avoided by requiring quo warranto proceedings because the judgment settles the validity of the annexation on behalf of all property holders in the affected area.

The requirement that an action seeking to set aside annexation for irregular use of power be brought as a quo warranto proceeding dates back as early as 1886. It continues to be followed today. The fact that the Legislature has reacted to other holdings regarding annexation, but has not acted to expressly provide a private action to set aside annexation in reaction to these cases, supports the position that a quo warranto proceeding is required to set aside annexation unless it is void.

*Alexander Oil Co.*, 825 S.W.2d at 437. A private challenge of an annexation ordinance is proper only when the ordinance is void or the Legislature expressly grants a private right to challenge the annexation in some manner. *City of Rockwall*, 246 S.W.3d at 627; *Alexander Oil Co.*, 825 S.W.2d at 436; *Town of Fairview*, 252 S.W.3d at 856.

In their first issue, appellants contend that the trial court erred in granting the plea to the jurisdiction regarding their requests for injunctive and mandamus relief challenging the annexation petitions as void. In connection with this issue, appellants assert that: (1) the ordinances are void and not merely voidable; (2) annexation ordinances are subject to a referendum petition under section 7.03 of the City Charter; and (3) the quo warranto doctrine cannot deprive Ryan of his constitutional right to vote on the ordinances. Appellants do not argue that they have been granted a private right to challenge the annexation, and accordingly, we focus our attention on their contention that the ordinances are void.

5

III.  Standing

We determine whether an individual has standing to challenge an annexation by inquiring whether the challenge attacks the city's authority to annex the area in question or simply complains of some violation of statutory procedure.  *City of Balch Springs v. George F. Lucas Irrevocable Family Trust*, 101 S.W.3d 116, 119-20 (Tex. App.–Dallas 2002, no pet.); *City of San Antonio v. Hardee*, 70 S.W.3d 207, 210 (Tex. App.–San Antonio 2001, no pet.); *see City of Wichita Falls v. Pearce*, 33 S.W.3d 415, 417(Tex. App.–Fort Worth 2000, no pet.).  Stated in other words, "[d]istinctions should be drawn between municipal acts unauthorized by law or color of law, and those consisting of a mere irregular exercise of power."  *Hardee*, 70 S.W.3d at 210 (quoting *Forbes v. City of Houston*, 304 S.W.2d 542, 546 (Tex. Civ. App.–Galveston 1957, writ ref'd n.r.e.)).

Individuals have been allowed to bring private causes of action when challenging annexation of territory that (i) exceeds statutory size limitations, (ii) is within the corporate limits of another municipality, (iii) is not contiguous with current city limits, and (iv) has a boundary description that does not close.  *See Alexander Oil Co.*, 825 S.W.2d at 437; *City of Balch Springs*, 101 S.W.3d at 119-20; *Hardee*, 70 S.W.3d at 210; *Pearce*, 33 S.W.3d at 417.  In contrast, a quo warranto suit is the proper way to challenge procedural irregularities such as the adequacy of a service plan, lack of notice,  lack of a quorum for hearing, and "other deficiencies in the procedure of adopting the annexation ordinance." *Hardee*, 70 S.W.3d at 210; *see Laidlaw Waste Sys. (Dallas) Inc. v. City of Wilmer*, 904 S.W.2d 656, 658 (Tex. 1995); *Pearce*, 33 S.W.3d at 417; *Forbes*, 304 S.W.2d at 546.

In the instant case, appellants assert that the following "multiple instances of

6

misconduct" rendered the annexation ordinances void:

> An appellee, Cindy Cerny provided inaccurate information to appellants concerning the number of voters in the last election for purposes of calculating the number of signatures needed for the referendum petition.
>
> The City did not "immediately" consider the petitions.
>
> "An unelected city attorney held the city counsel hostage, and no discussion was ever held regarding the petitions."
>
> The City Council did not vote to either revoke the annexation ordinances or call for a vote.
>
> The City did not suspend the annexation ordinances upon receipt of the petitions.
>
> No public vote took place as required by section 7.03 of the City Charter.
>
> No vote took place in the annexed areas as required by the local government code.
>
> The City failed to provide the citizens of the affected area the right to vote.

We reject appellants' argument. As an initial matter, appellants' contention on appeal fails to correspond to stipulations that they made at the trial court level. In the trial court, the parties stipulated on the record that "the ordinances that are in question were duly adopted by ordinance . . . [a]nd all the prerequisites to the adoption of such ordinances . . . were complied with." Specifically, appellants "are not challenging any procedures that occurred prior to December 11, 2007," when the ordinances were passed. Ryan further stated, on the record, that "as far as the ordinances being valid, your Honor, yes, we are not challenging anything that happened going up to the vote on those ordinances. Our beef really is what happened later when they failed to follow the charter which then renders those ordinances now void absent a vote." Accordingly, appellants have failed to preserve this issue for review. *See* TEX. R. APP. P. 33.1. Moreover, the alleged irregularities, even

7

if true, constitute procedural irregularities and do not attack the City's authority to annex and thus do not confer standing on appellants.

Finally, appellants contend that the City's cumulative instances of misconduct rendered the annexation void, rather than merely voidable. In support of their position, appellants cite *City of Northlake v. East Justin Joint Venture*, 873 S.W.2d 413 (Tex. App.–Fort Worth 1994, writ denied), for the proposition that a city's failure to follow statutory procedures can render an ordinance void. In that case, the Fort Worth Court of Appeals reasoned that because the Northlake City Council purported to pass a conversion ordinance with fewer votes than required by the applicable statute, the defect "rises to the level where the ordinance is void, and not just voidable. The council's action without the requisite votes does not reach the threshold of colorable authority." *Id.* at 417. Contrary to appellants' argument, this case does not stand for the proposition that cumulative procedural errors make an ordinance void instead of voidable. Appellants' challenges to the ordinances focus on procedural irregularities and not the City's authority, and accordingly, the ordinances are not void and are not subject to individual challenge.

## IV. City Charter

In a subissue, appellants contend that annexation ordinances are subject to a referendum petition under section 7.03 of the City Charter. We have already resolved this issue against appellants in the related mandamus proceeding. *See In re Ryan*, No. 13-08-179-CV, 2008 Tex. App. LEXIS 2956, at *9 (Tex. App.–Corpus Christi Apr. 18, 2008, orig. proceeding [mand. denied]) (mem. op.). In that case, we held that, first, to the extent that Ryan's challenge is based on the annexations at issue herein, the proper method to challenge annexation procedures is through quo warranto, and accordingly, Ryan lacks

8

standing to bring this action.  *Id.* at \*7; *see Laidlaw Waste Systems (Dallas), Inc.*, 904 S.W.2d at 658; *Alexander Oil Co.*, 825 S.W.2d at 436; *City of Port Isabel v. Pinnell*, 161 S.W.3d 233, 238 (Tex. App.–Corpus Christi 2005, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 66.002(c) (quo warranto proceedings may be brought by the attorney general or county or district attorney on his or her own motion or at the request of an individual).  In this regard, we noted that the record failed to indicate that Ryan has a legislatively granted private right to challenge the annexation, or that the City lacked authority to issue the annexations, or that the annexations were otherwise void.  *Ryan*, 2008 Tex. App. LEXIS 2956 at \*8.  We further concluded that the law is clear that annexation ordinances are not subject to the referendum provisions in city charters.  *Id.* at \*8-\*9; *Vara v. City of Houston,* 583 S.W.2d 935, 938 (Tex. Civ. App.–Houston [14th Dist.] 1979, writ ref'd n.r.e.); *City of Hitchcock v. Longmire*, 572 S.W.2d 122, 127 (Tex. App.–Houston [1st Dist.] 1978, writ ref'd n.r.e.); *see also Save our Aquifer v. City of San Antonio,* 237 F.Supp.2d 721, 729 (W.D.Tex. 2002) ("Annexation issues are not subject to direct democracy voting through referendum, but rather are reserved to representative democracy. . . .").   Accordingly, the City and City Council were not required to repeal the annexation ordinances or put them to a referendum.  This subissue is overruled.

## V.  Constitutional Rights

In a further subissue, appellants contend that the quo warranto doctrine cannot prevent them from challenging the City's actions on constitutional grounds and cannot deprive them of standing to enforce Ryan's constitutional right to vote on the annexation ordinances.

We do not take lightly any impairment of the right to vote. "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." *In re Lowery*, 999 S.W.2d 639, 662 (Tex. Rev. Trib. 1998, pet. denied) (quoting *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964)). Nevertheless, relying on the "political question" rationale behind the judicial branch not interfering with annexation and *Hunter v. City of Pittsburgh*, 207 U.S. 161 (1907), Texas courts of appeal have held that annexations do not present a justiciable matter under due process constitutional amendments. *Superior Oil Co. v. City of Port Arthur*, 628 S.W.2d 94, 96 (Tex. App.–Beaumont 1981, writ ref'd n.r.e.)*; see Alexander Oil Co. v. Seguin*, 823 S.W.2d 309, 314 (Tex. App.–San Antonio 1989), *affirmed*, 825 S.W.2d 434 (Tex. 1991). Accordingly, this subissue is overruled.

Having rejected each of appellants' arguments, we overrule appellants' first issue pertaining to the trial court's ruling on the plea to the jurisdiction.

## VI.  Declaratory Relief

In their second issue, appellants contend that the trial court improperly extended the quo warranto doctrine to prevent appellants from obtaining a declaration concerning the City Charter that did not directly challenge the annexation ordinances.  Appellants argue that they have standing to seek a declaration regarding the validity of section 7.03 of the City Charter.  Appellants further contend that our recent ruling in *In re Ryan* did not fully address the declaration sought by appellants herein.  However, appellants' "Verified Original Petition, Application for Restraining Order and Petition for Writ of Mandamus"

10

states that:

> For the reasons stated, plaintiffs seek declarations that:
>
> a.  section 7.03 of the charter is valid under Texas law;
>
> b.  the petitions at issue complied with the requirements set forth in section 7.03 of the charter; and
>
> c.  the Annexation Ordinances are currently suspended in accordance with section 7.03 of the charter.

Appellants' claim cannot be characterized as solely concerning the validity of section 7.03, but instead concerns the interaction of 7.03 and the annexation ordinances. We have already concluded that appellants lack standing to pursue this issue. Subject matter jurisdiction in a declaratory judgment action depends on whether the underlying controversy is within the court's jurisdiction; the declaratory judgment act does not confer additional jurisdiction upon a court. *Rush v. Barrios*, 56 S.W.3d 88, 105 (Tex. App.–Houston [14th Dist.] 2001, pet. denied). Accordingly, the trial court did not err in granting the plea to the jurisdiction on this claim. Appellants' second issue is overruled.

## VII.  Amendment of Pleadings

In their third and final issue, appellants contend that the trial court erred in dismissing the case in its entirety instead of offering appellants the opportunity to replead because there was no incurable jurisdictional defect.

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Miranda*, 133 S.W.3d at

11

226. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Id.* at 227. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *See id.*

While appellants have a right to amend their pleadings to attempt to cure jurisdictional defects, the facts and evidence recited in their petition lead us to conclude that it is impossible for them to amend their pleadings in a manner which would establish that they have standing to pursue this matter. *See id.*; *City of San Benito v. Ebarb*, 88 S.W.3d 711, 724 (Tex. App.–Corpus Christi 2002, pet. denied). In short, the pleading is incurable because the allegations therein affirmatively negate appellants' standing to pursue these issues. Accordingly, dismissal is appropriate.

### VIII. Conclusion

Having overruled each of appellants' issues, we affirm the order of the trial court granting the plea to the jurisdiction filed by appellees.

LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this the 28th day of August, 2008.

12