# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00523-CV

**Round Rock Life Connection Church, Inc.; Teddy J. Straub; Orlena Mehrabian; Hossain Mehrabian; Luciano Rivera; Tim Hubble; Judy Hubble; and Mary Jo Greenough, Appellants**

**v.**

**The City of Round Rock, Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 09-604-C368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Round Rock Life Connection Church, Inc., Teddy J. Straub, Orlena Mehrabian, Hossain Mehrabian, Luciano Rivera, Tim Hubble, Judy Hubble, and Mary Jo Greenough (collectively, "the Landowners") sought both a temporary injunction enjoining the City of Round Rock ("Round Rock") from annexing their properties and a judgment declaring void ordinances adopted by Round Rock that annexed their properties and that required property owners, including the Landowners, to pay the costs of connecting to Round Rock's water and sewer utility lines. In the alternative, the Landowners sought a writ of mandamus requiring Round Rock to provide municipal services to the Landowners on the effective date of their properties' annexation. Round

Rock filed a "plea in abatement" asserting the Landowners lacked standing to bring suit.[1] The trial court sustained Round Rock's plea and dismissed the matter.

Because Round Rock's plea addressed only the Landowners' standing to challenge the annexation of their properties and did not speak to the other claims raised by the Landowners, we will affirm that part of the trial court's judgment dismissing for lack of standing the Landowners' challenge to the annexation ordinance and, without reaching the merits, reverse that part of the judgment dismissing the other claims and remand for further proceedings consistent with this opinion.

## DISCUSSION

### Standing and the Landowners' Annexation Challenge

A challenge to a trial court's subject-matter jurisdiction is reviewed de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). In reviewing a private party's standing to challenge an annexation, a reviewing court must decide whether the challenge attacks the municipality's power or authority to annex the area in question or only complains of some violation of statutory procedure by the municipality. *See City of Port Isabel v. Pinnell*, 161 S.W.3d 233, 238 (Tex. App.—Corpus Christi 2005, no pet.); *Werthmann v. City of Fort Worth*, 121 S.W.3d

---

[1] Although styled a plea in abatement, because it challenged the Landowners' standing, Round Rock's plea was actually a plea to the jurisdiction. "A plea in abatement is used to allege facts arising outside of the petition that set forth reasons, other than venue or jurisdiction, why the case should not proceed or should be dismissed." William V. Dorsaneo III, *Texas Litigation Guide* § 70.03[7][a] (2010). A plea to the jurisdiction seeks dismissal of the case on the ground that the court lacks subject-matter jurisdiction. *Id.* § 70.03[6]. Standing is a component of subject-matter jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993).

2

803, 806 (Tex. App.—Fort Worth 2003, no pet.); *City of San Antonio v. Hardee*, 70 S.W.3d 207, 210

(Tex. App.—San Antonio 2001, no pet.).


*Background*

A municipality generally must annex land pursuant to an annexation plan and give three years' notice of its intent to annex. *See* Tex. Loc. Gov't Code Ann. § 43.052 (West 2008); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 623 (Tex. 2008). If an area is exempt from the three-year notice requirement, a municipality may annex that area by use of abbreviated procedures with less notice of the city's intent to annex. *See* Tex. Loc. Gov't Code Ann. §§43.061- .065 (West 2008); *Hughes*, 246 S.W.3d at 623.

In pertinent parts, section 43.052 (entitled "Municipal Annexation Plan Required") of subchapter C (entitled "Annexation Procedure for Areas Annexed Under Municipal Annexation Plan") reads as follows:


(b)     A municipality may annex an area identified in the annexation plan only as provided by this section.

(c)     A municipality shall prepare an annexation plan that specifically identifies annexations that may occur beginning on the third anniversary of the date the annexation plan is adopted. The municipality may amend the plan to specifically identify annexations that may occur beginning on the third anniversary of the date the plan is amended.

*          *          *

(h)     This section does not apply to an area proposed for annexation if:

(1)     the area contains fewer than 100 separate tracts of land on which one or more residential dwellings are located on each tract . . .

*          *          *

(i)     A municipality may not circumvent the requirements of this section by proposing to separately annex two

3

or more areas described by Subsection (h)(1) if no reason exists under generally accepted municipal planning principles and practices for separately annexing the areas. *If a municipality proposes to* ***separately annex*** *areas* ***in violation of this section****, a person residing or owning land in the area may petition the municipality to include the area in the municipality's annexation plan. . . .*

Tex. Loc. Gov't Code Ann. § 43.052 (emphases added).

Round Rock notified the Landowners in February 2009 that it intended to annex their properties located along East Old Settlers Road. In response, pursuant to section 43.052(i), the Landowners petitioned Round Rock to include their properties in the city's annexation plan.[2] *See* id. § 43.052(i). Round Rock denied their request, and the city council in May 2009 voted to annex each of the Landowners' properties.

The Landowners filed suit, seeking both a temporary injunction enjoining Round Rock from annexing their properties and from requiring the Landowners to pay the costs of hooking up to Round Rock's water and sewer utility lines, as well as a judgment declaring void the ordinances adopted by Round Rock that annexed their properties and that required property owners, including the Landowners, to pay the costs of connecting to the water and sewer utility lines. In the alternative, pursuant to section 43.056(*l*) of the local government code, the Landowners sought a writ of mandamus requiring Round Rock to provide municipal services to the Landowners on the

---

[2] Areas exempt from a municipality's three-year annexation plan may be annexed after only 30 days' notice of the first hearing on the proposed annexation, rather than after three-years' notice of intent to annex. *See* Tex. Loc. Gov't Code Ann. § 43.062(b) (West 2008). Thus, if Round Rock had granted the Landowners' petition to include their properties in the city's annexation plan, that would have had the effect of delaying any actual annexation of those properties by a minimum of three years.

effective date of their properties' annexation. *See id.* § 43.056(*l*). In response, Round Rock filed a "plea in abatement" asserting the Landowners lacked standing to bring suit.

The trial court's order is titled "Order of Dismissal on Plea in Abatement" and recites that the court heard the plea in abatement of Defendant, City of Round Rock, included in paragraph II of Defendant's original answer. In pertinent part, Round Rock's plea averred the following:

> [The Landowners'] Petition alleges that the ordinances annexing their properties are invalid because [Round Rock] failed to comply with various procedural requirements of Chapter 43, Texas Local Government Code. It is well settled law in the State of Texas that procedural irregularities in municipal annexation ordinances can be challenged only in a *quo warranto* proceeding brought by the State of Texas through the County Attorney, District Attorney or the Attorney General. Therefore, this action should be dismissed because of [the Landowners'] lack of standing and/or capacity to bring this action.

After hearing the parties' legal arguments, the trial court granted Round Rock's plea and dismissed the suit.

Unless an annexation is wholly void, that is, exceeding a municipality's power or authority to annex, or the Legislature has expressly granted a private right to challenge the annexation in some manner, a quo warranto proceeding brought by the State is the only proper means of attacking a municipality's annexation in court. *Hughes*, 246 S.W.3d at 627. Private challenges to annexation ordinances have been sustained as exceeding a municipality's authority and thus held void when: (1) the annexation goes beyond the statutory size limitations;[3] (2) the municipality

---

[3] *See* Tex. Loc. Gov't Code Ann. § 43.055 ("Maximum Amount of Annexation Each Year") (West 2008).

attempts to annex areas within the corporate limits of another municipality; (3) the municipality seeks to annex areas not contiguous with the municipality's own limits;[4] and (4) the municipality attempts to annex an area with a boundary description that does not close. *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 438 (Tex. 1991); *see City of West Orange v. State ex rel. City of Orange*, 613 S.W.2d 236, 238 (Tex. 1981) (attempted annexation of territory not contiguous with municipality's own limits); *City of Waco v. City of McGregor*, 523 S.W.2d 649, 652 (Tex. 1975) (attempted annexation of territory within corporate limits of another municipality); *Deacon v. City of Euless*, 405 S.W.2d 59, 64 (Tex. 1966) (attempted annexation of territory exceeding statutory size limitations); *State ex rel. Rose v. City of LaPorte*, 386 S.W.2d 782, 789 (Tex. 1965) (attempted annexation in which boundary of annexed territory did not close using description contained in ordinance). The common trait of these cases is that the municipality did not possess statutory authority to undertake annexation. *Alexander Oil*, 825 S.W.2d at 438. It was not simply a matter of the municipality's failing to comply with procedural requirements. Rather, the municipality lacked authority to pursue annexation at all.

The Landowners assert the annexation of their properties is void because Round Rock did not have the authority to circumvent the requirements of local government code section 43.052. *See* Tex. Loc. Gov't Code Ann. § 43.052. In particular, they argue section 43.052(i), which reads in pertinent part as follows, is an express limitation on Round Rock's authority to annex.

> (i)     A municipality may not circumvent the requirements
>         of this section by proposing to separately annex two

---

[4] A municipality may annex area only in its extraterritorial jurisdiction unless it owns the area. *Id.* § 43.051 ("Authority to Annex Limited to Extraterritorial Jurisdiction") (West 2008).

> or more areas described by Subsection (h)(1) if no reason exists under generally accepted municipal planning principles and practices for separately annexing the areas. . . .

*Id.* § 43.052(i). In pertinent part, section 43.052(h)(1) reads as follows:

> (h)    This section does not apply to an area proposed for annexation if:
>
> > (1)    the area contains fewer than 100 separate tracts of land on which one or more residential dwellings are located on each tract; . . . .

*Id*. § 43.052(h)(1). The Landowners contend that, because their tracts of land failed to satisfy the requirements of section 43.052(h)(1), Round Rock had no authority to annex their properties. *See id.*

Round Rock asserts its annexation ordinances are valid, not void. It further argues that the Landowners, being private individuals, lacked standing to attack the validity of Round Rock's annexation of their properties and that a quo warranto proceeding brought by the State is the only proper means of attacking a municipality's annexation. *See Alexander Oil*, 825 S.W.2d at 436.

Contrary to the Landowners' contention, section 43.052(i) is not an express limitation on a municipality's annexation authority. Rather, it is part of subchapter 43C, which sets out annexation procedures for areas included in the three-year annexation plans. *See* Tex. Loc. Gov't Code Ann. §§ 43.051-.057 (West 2008). By its terms, section 43.052(i) simply forbids a municipality from circumventing the requirements of that section, that is, the requirement to prepare a municipal annexation plan, if no reason exists for separately annexing the areas. *Id.* § 43.052(i).

7

Because the Legislature has clearly indicated that the provisions of section 43.052 are procedural, the Landowners' complaint that Round Rock failed to comply with the requirements of that section addresses procedure. *See Werthmann*, 121 S.W.3d at 807 (quoting *City of Balch Springs v. Lucas*, 101 S.W.3d 116, 122 (Tex. App.—Dallas 2002, no pet.); *City of San Antonio v. Hardee*, 70 S.W.3d 207, 212 (Tex. App.—San Antonio 2001, no pet.) (provisions of section 43.052 are procedural rather than limitations on municipality's inherent annexation authority); *see also Hughes*, 246 S.W.3d at 627, 631 (section 43.052(i) does not create substantive private right for landowner to compel arbitration). As such, even if the Landowners proved Round Rock's alleged noncompliance with section 43.052, the annexation of their properties would be voidable, not void. *Id.* The annexation of their properties not having been wholly void, the Landowners lacked standing to challenge Round Rock's annexation. *See Hughes*, 246 S.W.3d at 627; *Alexander Oil*, 825 S.W.2d at 436.

We affirm the trial court's judgment dismissing the Landowners' challenge of Round Rock's annexation ordinance for lack of standing.

### Landowners' Other Claims

Round Rock's "plea in abatement" spoke only to the Landowners' standing to challenge the annexation of their properties. However, the Landowners also requested a temporary injunction and judgment declaring that Round Rock is prohibited from requiring them to incur the expense of connecting to Round Rock's sewer and water lines in a manner inconsistent with chapter 395 of the local government code. *See* Tex. Loc. Gov't Code Ann. § 43.056(f)(2) (West 2008). Moreover, in the alternative, the Landowners sought a writ of mandamus requiring Round Rock to provide municipal services on the effective date of their properties' annexation. *Id.*

§ 43.056(*l*).  Because Round Rock's plea spoke only to the Landowners' challenge to Round Rock's annexation ordinance and not to these additional claims, the trial court erred in dismissing, without addressing, these other claims in its judgment.

## CONCLUSION

We affirm that part of the trial court's judgment dismissing the Landowners' challenge to Round Rock's ordinance annexing their properties.  Without expressing any opinion regarding the Landowners' standing to pursue their additional claims or the respective merits of the Landowners' assertions, we reverse that part of the court's judgment dismissing the Landowners' other claims and remand to the court for further proceedings consistent with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Henson, and Goodwin

Affirmed in part; Reversed and Remanded in part

Filed:  February 18, 2011

9